IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**CHRISTOPHER VELTHEIM,**                    CIVIL ACTION

     *Plaintiff*

     v.                                          No.

**INTERNATIONAL BODYTALK
ASSOCIATION, INC.,
JOHN VELTHEIM** and
**ESTHER VELTHEIM,**

     *Defendants*

_____/

## COMPLAINT

    Plaintiff, Christopher Veltheim, by his undersigned attorneys, hereby files this civil action against the Defendants, International BodyTalk Association, Inc., John Veltheim and Esther Veltheim, and respectfully represents:

**I.**    **JURISDICTION AND VENUE**

    1. This is a civil action for damages involving a sum in excess of seventy five thousand dollars ($75,000), exclusive of interest and costs. Every issue of law and fact in this action is wholly between citizens of different states.

    2. Venue lies in the United States District Court for the Middle District of Florida, pursuant to 28 U.S.C. § 1391(a), because the causes of action set forth herein arose within the Middle District, and because one or more of the Defendants named herein resides in the Middle District.

## II.     THE PARTIES

3.  Plaintiff Christopher Veltheim, whose full legal name is Christopher Douglas John Veltheim, is a citizen of Australia, residing at 6 Bunya Pine Place, Mount Cotton, Queensland 4165, Australia.

4.  Defendant International BodyTalk Association, Inc. is a citizen of the State of Florida and a domestic profit corporation chartered in the State of Florida on June 23, 2003, with a principal address at 2750 Stickney Point Road, Suite 203, Sarasota, Florida.

5.  Defendant John Veltheim is, and at all times material hereto, was a citizen of the State of Florida, and was the President or other officer of International BodyTalk Association, Inc., residing at  2750 Stickney Point Road, Suite 203, Sarasota, Florida.

6.  Defendant Esther Veltheim is, and at all times material hereto, was a citizen of the State of Florida, and was the Treasurer or other officer of International BodyTalk Association, Inc., residing at 2750 Stickney Point Road, Suite 203, Sarasota, Florida.

## III.    CAUSES OF ACTION

7.  Plaintiff incorporates herein by reference all of the allegations set forth in paragraphs 1 through 6 above as if they were reiterated hereunder at length.

8.  This is a civil action for:

  A.     An accounting;

  B,     Damages incidental to equitable relief in excess of the monetary threshold for this Court;

  C.     For corporate dissolution, liquidation;

D.     For appointment of a receiver for a corporation, or alternatively, accounting and dissolution of a partnership whose assets include a corporation;

E.     For a declaratory judgment pursuant to Chapter 86, Florida Statutes, and other equitable relief;

F.     For the imposition of a constructive trust, an accounting, winding up of and dissolution of a business;

G.     For the establishment and determination of the ownership interest of the Plaintiff in the Defendant corporation, and the value thereof, and for the liquidation and payment of said value to the Plaintiff; and

H.     For damages for defamation and otherwise.

9. On or about June 19, 2003, Plaintiff was issued ten shares in the company known as International BodyTalk Association, Inc. (hereinafter "IBA").

10. The shares were issued to Plaintiff by way of gift and were noted on the Articles of Incorporation for IBA.

11. On or about December 21, 2012, an additional ten shares in IBA were transferred to the Plaintiff, increasing Plaintiff's total ownership interest in IBA to 20 shares.

12. The second transfer of ten shares to the Plaintiff was noted in an Amended Stockholder's Agreement in 2012 and in Stock Power Certificates and was further confirmed by correspondence from Defendant John Veltheim to the Plaintiff on February 21, 2015.

13. On or about September 11, 2003, Defendants purported to transfer Plaintiff's original ten shares in IBA to Defendants John Veltheim and Esther Veltheim, without Plaintiff's knowledge, authority or consent.

14. At all times material hereto, Plaintiff was an owner and partner or joint venturer in

the business venture which thereafter evolved between Plaintiff and Defendants John Veltheim and Esther Veltheim, and the parties acknowledged, agreed and understood that Plaintiff's 20 shares in IBA represented a joint venture, partnership and/or corporation developed and established between the Plaintiff and the individual Defendants for the purpose of owning, operating and managing the International BodyTalk Association.

15.  Plaintiff and Defendants agreed that Plaintiff would provide technical, trade and industry knowledge and would manage one or more branches or units of the IBA.

16.  The parties further agreed that Defendants would provide the necessary capital, as well as organizational, management and administrative resources to support and sustain Plaintiff's 20-share interest in the IBA business.

17.  In accordance with their agreements, Plaintiff and the individual Defendants founded the business known as IBA and/or subsequently did business together under that name in the State of Florida and elsewhere around the world.

18.  Under the name International BodyTalk Association or IBA, Plaintiff and Defendants John Veltheim and Esther Veltheim developed and marketed a wellness and life sciences educational organization based in Sarasota, Florida with branches in Australia and Europe, offering training and education to more than 40,000 people worldwide.

19.  Based on this relationship, which was further edified by the fact that Defendant John Veltheim is the father of Plaintiff Christopher Veltheim, and Defendant Esther Veltheim is the former wife of Defendant John Veltheim and the former stepmother of Plaintiff Christopher Veltheim, the Defendants, John Veltheim and Esther Veltheim, were authorized and directed to handle the formal aspects of the IBA and its business affairs, for the mutual benefit of all

shareholders.

20.  During all relevant times, Plaintiff accepted Defendants' trust and reliance in all matters concerning the IBA.

21.  At all material times, Plaintiff and Defendants maintained a mutuality of interest in both profits and losses, and they agreed to share in the assets and liabilities of the IBA. Alternatively, Plaintiff and Defendants John Veltheim and Esther Veltheim had an association by contract or by operation of law, maintained co-ownership in specific assets, management and net profit sharing, and they conducted the business of IBA for profit.

22.  On June 19, 2003, and subsequently on December 21, 2012, Defendants caused a cumulative amount of 20 shares of stock in IBA to be issued in the name of the Plaintiff. Thereafter, Plaintiff was, at all material times, the beneficial and equitable owner of an interest in IBA equal to the value of the 20 share of stock of IBA, which said stock is, and should be, held in trust for the benefit of the Plaintiff herein.

23.  As partners or members of a partnership/joint venture and/or as shareholders in the IBA, Plaintiff and Defendants John Veltheim and Esther Veltehim each owed a fiduciary duty to the other concerning the business, operations, assets and management of IBA.

24.  During the applicable time period, IBA prospered and became a successful business concern.

25.  Throughout the term of their relationship, the parties had various discussions concerning the success of IBA, and how their mutual trust and work ethic benefitted the company.

26.  Defendants John Veltheim and Esther Veltheim continuously assured the Plaintiff

that Plaintiff's ownership interest in the IBA was recognized, and the said Defendants routinely acted in furtherance of this understanding and acknowledgment.  However, Defendants have since questioned the need to formalize Plaintiff's ownership interest with any legal documentation besides the issuance of the shares of stock, the Articles of Incorporation, the Amended Stockholder's Agreement, Stock Power Certificates and correspondence from Defendant John Veltheim.

27.  Beginning in 2014, the parties' relationship suffered from increased tensions between them.  During the evolution of these tensions between the parties, Defendants John Veltheim and Esther Veltheim refused to memorialize or corroborate Plaintiff's interest in the company and ultimately dismissed the Plaintiff from the company and terminated his involvement in the IBA.

28.  Plaintiff, a resident of Australia, thereafter instituted an unjust dismissal action in Australia and settled that claim against the Defendants as compensation for his wrongful termination from employment.

29.  Plaintiff did not, and has not, recovered payment or fair value for the 20 shares which he owns in the IBA, despite demand to liquidate his interest.

30.  Plaintiff thus claims an ownership interest in IBA and/or its stock, by virtue of the 20 shares of stock given to him and by way of either an express and/or implied agreement with the Defendants.

31.  On June 22, 2015, Plaintiff, through his counsel, issued a letter to each of the Defendants, John Veltheim and Esther Veltheim, expressing and providing the details of Plaintiff's interest in 20 shares of IBA and noting that the purported attempt in 2003 to transfer the first ten shares to Defendants, without Plaintiff's authority, consent or knowledge was

fraudulent, in breach of state law, in violation of Defendant's fiduciary duties and good faith obligations, and otherwise unlawful.

32. Defendants have failed and refused to respond to the correspondence issued by Plaintiff's counsel and have otherwise declined to acknowledge Plaintiff's ownership interest in IBA or to take any affirmative steps to liquidate that interest or otherwise recognize it.

33. Notwithstanding the recent refusal by the Defendants to communicate with the Plaintiff or to acknowledge Plaintiff's ownership interest in the IBA, the Defendants John Veltheim and Esther Veltheim, from the formation of the IBA until Plaintiff's forced departure from the company, consistently recognized Plaintiff's ownership interest, both in word and in conduct to each other, to the Plaintiff, and to third parties, and, in fact, the Plaintiff and Defendants together held themselves out to be joint owners and operators of the IBA.

34. Defendants are constructive trustees of all stock or any ownership interest of the Plaintiff from the inception and formation of the business to the present, with respect to Plaintiff's 20 shares of ownership interest.

35. Defendants John Veltheim and Esther Veltheim, or each of them, breached the fiduciary duties owed to the Plaintiff, by, without limitation:

A.   Refusing to account to the Plaintiff for money collected by IBA, refusing to pay Plaintiff his rightful and correct share of said monies, wasting corporate cash and other assets, and converting same to Defendants' use;

B.   Acting on corporate business matters and/or partnership matters so that it was not practical to carry on a corporation and/or partnership, including, but not limited to forcing Plaintiff's termination from the corporation and/or partnership through deceit and fraud; and

C.   Refusing to take the necessary action to wind down the corporation and/or terminate the partnership, to pay its liabilities and distribute the remaining

assets and/or otherwise refusing to liquidate and pay Plaintiff's interest in the said corporation and/or partnership to the Plaintiff consistent with his ownership of 20 shares thereof.

36.   Prior to the filing of this lawsuit, Defendants declined, despite reasonable requests, to undertake an independent valuation of the company, and consistent therewith, to make their books and records available for inspection and review.

37.   Plaintiff and Defendants are deadlocked in the management of the corporate affairs of IBA.  The rightful shareholders, Plaintiff and Defendants John Veltheim and Esther Veltheim, are unable to break the deadlock, and irreparable injury to the corporation is threatened and being suffered.

38.   Meanwhile, corporate assets of IBA are being mis-applied or wasted by the Defendants.  For example, in 2013, John Veltheim and Esther Veltheim received payments, in excess of their approved compensation, which, on information and belief, totaled $195,000 and were used to pay for a boat, for personal tax expenses, mortgage loan obligations, dental work, solar panel installation and electrical work on a residential property and other non-corporate expenses.  In 2014, on information and belief, Defendant John Veltheim took unwarranted royalties of $113,000.  In addition, Defendants have collectively mis-applied and wasted corporate assets on relocation expenses to Europe (for Esther Veltheim); leasing of expensive cars; excessive spending on computer equipment, laptops and I-Pads, and unexplained "bonuses" and "royalties" in addition to their approved compensation.

39.   In 2014, in fact, Defendant John Veltheim was confronted with an IBA student complaint about sexual misconduct in a classroom.  Defendants refused to permit the IBA Board to address the situation, acting instead to attempt to resolve the allegation on their own.

Defendants' defiance of board authority, and refusal to follow appropriate protocols, prompted the entire IBA board to resign, following which IBA's general managers and other key personnel also resigned. Accordingly, the control of the IBA remains in question. Defendants and/or those who are acting on behalf of IBA at this point have acted, or are acting, or are reasonably expected to act, in a continuing manner that is fraudulent or illegal.

40. Upon information and belief, and therefore so alleged, the actual value of IBA is now in excess of $2 million.

41. All conditions precedent to this action have been met, waived or excused.

42. Plaintiff has agreed to retain the undersigned counsel and has agreed to pay a reasonable fee for services rendered.

## COUNT ONE

## INVOLUNTARY DISSOLUTION AND LIQUIDATION OF IBA

43. Plaintiff re-alleges paragraphs 1 through 42 above as if they were reiterated hereunder at length.

44. This is an action to dissolve IBA and to wind up and liquidate the assets, pursuant to § 607.1430, *et. seq.* of the Florida Statutes.

45. At all material times, Plaintiff Christopher Veltheim and Defendants John Veltheim and Esther Veltheim were co-owners of IBA.

46. IBA is a Florida corporation in which Plaintiff owns a 20-share interest, which Defendants John Veltheim and Esther Veltheim are holding in trust for the Plaintiff's benefit.

47. Defendants repeatedly promised the Plaintiff that he co-owned the IBA and that his interest was equal to the value of his 20 shares, but Defendants have failed, and they now

continue in their failure, to document the ownership interest or to compensate Plaintiff therefor.

48. As a shareholder of IBA, Plaintiff is entitled to compensation from the IBA, separate and distinct from any employment benefits he enjoyed while employed by the company.

49. Plaintiff received modest payments from the corporation in the form of a salary, which payments were far less than the appropriate amounts due to him as a co-owner of the business.

50. Defendants John Veltheim and Esther Veltheim enjoyed direct and indirect compensation from the IBA which far exceeded the modest payments to the Plaintiff and were far in excess of the appropriate amounts due to them or each of them. Until the termination of Plaintiff's employment from IBA, the Defendants John Veltheim and Esther Veltheim co-managed the company and its assets.

51. As a result of Plaintiff's forced removal from the company, Plaintiff can no longer participate in any respect in the management operations or in a share of profits of the IBA. Plaintiff therefore desires to either dissolve the company and wind down its business, or alternatively have his 20-share interest purchased from him for fair value, but Defendants John Veltheim and Esther Veltheim have refused to do either. Plaintiff and Defendants John Veltheim and Esther Veltheim are deadlocked in the management of the corporate affairs of IBA and irreparable injury to the corporation is being threatened or suffered.

52. Corporate assets of IBA are being mis-applied and wasted by Defendants, thereby causing material injury to the corporation and to Plaintiff's interest therein.

53. Defendants John Veltheim and Esther Veltheim, as either directors or those in control of the corporation, have acted, are acting and/or are reasonably expected to act in a

manner that is illegal or fraudulent. IBA must therefore be dissolved and wound up, with an equitable division of the assets of the business, as required by §§ 607.1430, *et. seq.* of the Florida Statutes.

**WHEREFORE**, Plaintiff respectfully requests a judgment as follows:

A.    Finding that pursuant to the two gifts of stock, Plaintiff is the owner of a 20-share interest in IBA;

B.    Finding that as a result of the facts alleged herein, one or more sufficient bases exist to dissolve the IBA;

C.    Appointing a receiver, or a custodian *pendente lite*, or a provisional director to take charge of IBA, together with its records and its assets, to collect the debts due to the corporation, and/or to pay the debts owed by the corporation;

D.    Entering an Order enjoining the Defendants from disposing of any corporate assets, cash or cash equivalents and enjoining them from spending or collecting any money on behalf of the corporation;

E.    Winding up and liquidating the assets of IBA, paying all just debts and distributing the net proceeds to Plaintiff and to the Defendants, in accordance with their respective rights and interests;

F.    Alternatively, ordering a purchase of the complaining shareholder's shares;

G.    Awarding Plaintiff his reasonable costs and attorney's fees associated in bringing this action; and

H.    Upon proof of good cause, granting any equitable relief other than dissolution or liquidation as in its discretion it may deem appropriate.

## *COUNT TWO*

## **EQUITABLE ACCOUNTING AND DISSOLUTION OF IBA**

54. Plaintiff re-alleges paragraphs 1 through 42 above as if they were reiterated hereunder at length.

55. This is an action for an equitable accounting of IBA and to wind up, liquidate and distribute its assets as required by § § 620.8801, *et. seq.* of the Florida Statutes.

56. At all material times, Plaintiff and Defendants John Veltheim and Esther Veltheim agreed that they were co-owners of IBA.

57. Plaintiff and Defendants John Veltheim and Esther Veltheim formed a partnership and/or joint venture and agreed to their respective ownership interests in the partnership and/or joint venture. IBA, a Florida corporation, is an asset of that partnership. Alternatively, IBA is a partnership irrespective of its corporate designation.

58. Defendants repeatedly promised Plaintiff that they would cause the company, documents, books and records to reflect Plaintiff's actual and lawful ownership interest; however, Defendants have failed to do so.

59. Each of the Defendants, John Veltheim and Esther Veltheim, received compensation from the IBA since its formation and until the present.

60. Plaintiff received modest payments from the corporation in the form of a salary, which payments were far less than the appropriate amounts due to him as a co-owner of the business.

61. Defendant John Veltheim and Defendant Esther Veltheim's salary and other direct and indirect compensation from the corporation far exceeded the modest draws of the Plaintiff

and were far in excess of the appropriate amounts due to them or each of them.

62. As a result of the joint efforts of the Plaintiff and the Defendants John Veltheim and Esther Veltheim, working together as partners and co-owners, they accumulated substantial assets, including, but not limited to, the ongoing business known as IBA.

63. Throughout the life of the IBA, Plaintiff and Defendants John Veltheim and Esther Veltheim co-managed the company and/or the partnership assets. While all parties participated in various management decisions, Defendants focused on financial and management matters while Plaintiff focused on technical programming and other administrative functions in Australia.

64. Plaintiff is entitled to all financial information relating to IBA from its inception.

65. Despite requests, Defendants have failed and/or refused to account to Plaintiff for his shareholder interest, and for money, cash equivalents, other assets or properties collected, owned or received by IBA.

66. As a result of the conversion of corporate assets, the refusal to account to IBA and IBA's forced withdrawal from the business, as set forth above, the economic purposes of the partnership are being unreasonably frustrated and it is no longer practicable to carry on its business. Thus, IBA must be dissolved, with an equitable division of the partnership and assets of the partnership, as required by § 620.8801 and/or § § 607.1430, *et. seq.* of the Florida Statutes.

67. Defendants John Veltheim and Esther Veltheim have failed and refused to permit an equitable division of the company's net assets or to otherwise comply with the requirements of the foregoing statutes.

**WHEREFORE**, Plaintiff requests that judgment be entered:

A.     Finding that there was a partnership between the parties and that IBA was an asset of that partnership or alternatively that Plaintiff is the equitable owner of 20-share interest in the IBA;

B.   Appointing a receiver to take charge of the partnership records and its assets, to collect the debts due to the partnership and to pay the debts owed by the partnership;

C.   That an accounting be taken of the partnership assets and liabilities and of the amounts due, if any, between the partners and/or shareholders, and that Plaintiff be awarded monetary relief incidental to such equitable relief;

D.   Enjoining the Defendants from disposing of any partnership assets or collecting any money on behalf of the partnership and judgement dissolving the partnership and/or the corporation;

E.   Imposing a constructive trust on all partnership and/or corporate assets no matter how titled or held, and regardless of where they are located;

F.   Ordering a full, complete and fair accounting of the affairs of the IBA from the date of its inception and that Defendants John Veltheim and Esther Veltheim be ordered, enjoined and directed to produce all books and records of the IBA necessary to accomplish such accounting;

G.   Winding up the affairs of and liquidating the assets of the IBA, paying all just debts and distributing the net proceeds to the Plaintiff and to each of the Defendants, John Veltheim and Esther Veltheim, in accordance with the accounting and their respective rights and interests;

H.   Awarding Plaintiff his reasonable costs and attorney's fees associated in bringing this action; and

I.   Upon proof of good cause, granting any equitable relief other than dissolution or liquidation as in its discretion it may deem appropriate.

### *COUNT THREE*

### **BREACH OF FIDUCIARY DUTY**

68.  Plaintiff re-alleges paragraph 1 through 42 above as if more fully set forth herein.

69.  This is an action for fiduciary breach and for imposition of a constructive trust with respect to assets in excess of the minimum monetary jurisdictional threshold for this Court.

70. As a result of the conduct of the parties, the long relationship between them, the trust reposed by Plaintiff in the Defendants, and the Defendants' willing acceptance of such trust, and Defendants' positions as officers, directors, co-shareholders and co-owners and/or partners and/or joint venturers of IBA, Defendants John Veltheim and Esther Veltheim owed fiduciary duties to the Plaintiff.

71. The fiduciary and trusting relationship required, as a matter of right, for Defendants John Veltheim and Esther Veltheim to recognize Plaintiff's lawful ownership interest in the assets acquired by the IBA.

72. The fiduciary and trusting relationship further required, as a matter of right, for Defendants John Veltheim and Esther Veltheim not to mis-manage or waste the company's assets or to mis-appropriate the company's assets for their personal gain or to benefit and unjustly enrich themselves at Plaintiff's expense, or to convert assets, cash or cash equivalents belonging to IBA and/or Plaintiff to their benefit, or to fail to adhere to the reasonably prudent businessman standard, or to appropriate business opportunities for themselves, or to fraudulently extinguish all of Plaintiff's right, title and interest to and in the IBA.

73. Defendants John Veltheim and Esther Veltheim have breached the duties of fiduciary loyalty for the said Defendants' own personal gain, to the detriment of the Plaintiff, by refusing to recognize Plaintiff's ownership interest, by mis-managing and wasting the company's assets, by misappropriating the company's assets for their personal gain and benefit and by unjustly enriching themselves at Plaintiff's expense, by converting assets, cash or cash equivalents belonging to IBA and/or Plaintiff to their benefit, by failing to adhere to the reasonably prudent businessman standard, by appropriating corporate opportunities for themselves and/or by

fraudulently attempting to extinguish all of Plaintiff's right, title and interest to and in the IBA.

74. Plaintiff, lacking an adequate remedy at law, is entitled to the imposition of a constructive trust upon the shares of stock, money, assets, and property of the IBA, no matter how titled and regardless of where they are located.

75. In addition to the foregoing, Plaintiff is entitled to a proportionate share of the salary and compensation of Defendants John Veltheim and Esther Veltheim, including all direct and indirect payments they received, from the inception of the IBA to the present, to the extent that it exceeded just compensation, and they are further entitled to the imposition of a constructive trust on all assets acquired by the said Defendants with such direct or indirect compensation.

76. Upon information and belief, Defendants John Veltheim and Esther Veltheim have acquired various assets without Plaintiff's knowledge, and some are jointly owned with others or held in trust for the said Defendants by others.

WHEREFORE, the Plaintiff respectfully requests this Court to:

A.   Enter a judgment in favor of the Plaintiff for monies incident to equitable relief as such relief relates to the fiduciary breach of Defendants John Veltheim and Esther Veltheim;

B.   Enter a judgment establishing that Defendants John Veltheim and/or Esther Veltheim and/or IBA are the constructive trustees of a constructive trust for Plaintiff's benefit, encompassing the corporate stock, investments, cash, cash equivalents and other assets (collectively, the "assets") acquired by Defendants John Veltheim and Esther Veltheim and/or IBA, along with the direct and indirect income and other compensation produced from the IBA from its inception until the present, whether held in the name of Defendants John Veltheim and/or Esther Veltheim and/or IBA, either individually or jointly with others, or in the name of others for the IBA and/or John Veltehim and/or Esther Veltheim's benefit;

C.    Order Defendants John Veltheim and Esther Veltheim and/or IBA to make a complete accounting of the assets acquired by them since the parties began their company, whether those assets are in Defendant John Veltheim's name, jointly held with others such as Defendant Esther Veltheim, or held in the name of another for John Veltheim and/or Esther Veltheim ,and account for any personal use, dissipation or disposition of any such assets for Defendants' benefit until the present;

D.    Grant a judgment against Defendants John Veltheim and Esther Veltheim and IBA for any assets which the Court determines are subject to a constructive trust, but which Defendants John Veltheim and/or Esther Veltheim and/or IBA dissipated or disposed of for the said Defendants' personal benefit or in the alternative, increase the amount of Plaintiff's beneficial interest in the constructive trust encompassing those assets in which Defendants own an interest;

E.    Award Plaintiff his taxable costs and reasonable attorney's fees; and

F.    Grant Plaintiff such other and further relief as the Court deems just and proper.

## COUNT FOUR

### DECLARATORY RELIEF

77. Plaintiff re-alleges paragraphs 1 through 42 above as if they reiterated hereunder at length.

78. This an action for declaratory judgment brought pursuant to § 86.011 of the Florida Statutes.

79. There is a bona fide, actual and present need for this declaration.

80. The acts and/or omissions of Defendants John Veltheim and Esther Veltheim and/or the IBA, as set forth above, are inconsistent with the terms of the ownership and/or partnership agreement between the Defendants and the Plaintiff.

81. The acts and/or omissions of Defendants John Veltheim and Esther Veltheim and/or the IBA, as set forth above, violated the fiduciary duties owed by the Defendants.

82. As the rights of Plaintiff derive from the partnership agreement and/or ownership agreement, the acts and/or omissions of Defendants John Veltheim and/or Esther Veltheim and/or the IBA relating thereto affect the value and utility of the interest owned by the Plaintiff, the value and utility of the interest owned by the Defendants John Veltheim and/or Esther Veltheim, and the rights and duties and potential liabilities of all parties thereto.

83. The parties therefore require a declaration as to their respective rights, status and obligations.

84. Alternatively, the Plaintiff requires a declaration of his specific and particular rights, with respect to each of the stock awards made to him and received by him, and with respect to the 20-share interest in the IBA which he claims herein.

85. Plaintiff has been relinquished from further duties to the IBA, but has not been paid his 20-share interest, or the value thereof, in the IBA.

86. In addition, or in the alternative, insofar as the Defendants attempted, on September 11, 2003, to transfer back the first ten shares of the gift to the Plaintiff by preparing Articles of Amendment, which said Articles were thereafter purportedly filed with the State of Florida on September 15, 2003, and insofar as these actions were fraudulent, unlawful, and accomplished without knowledge or notice to the Plaintiff, and without Plaintiff's consent or authorization, the parties require judicial construction of same. Plaintiff specifically requests a declaration by this Court that said purported transfer and amendment was unlawful, void and unenforceable.

**WHEREFORE**, Plaintiff, Christopher Veltheim, requests that this Court assume jurisdiction of this cause and enter a judgment declaring the following forms of relief:

A.   That damages or monies are due incidental to equitable relief, together with pre-judgment interest thereon and declaring the amount;

B.   That the acts and/or omissions of the Defendants John Veltheim and/or Esther Veltheim and/or the IBA are in violation of the ownership agreement and/or joint venture agreement;

C.   That the acts and/or omissions of Defendants john Veltheim and/or Ester Veltheim and/or the IBA violate the fiduciary duty of the Defendants to the Plaintiff;

D.   That, in all respects, Plaintiff possesses an interest equal to 20 shares in the IBA, by way of the partnership/joint venture or ownership agreement with the Defendant John Veltheim and/or the Defendant Esther Veltheim;

E.   Alternatively, that Plaintiff possesses an interest in the partnership/joint venture or the corporation as determined by this Court;

F.   That Plaintiff is entitled to payment of his costs and reasonable attorney's fees; and

G.   That the Court enter such other and further equitable relief as this Court deems just and proper.

### *COUNT FIVE*

### LIBEL, SLANDER AND SLANDER PER SE

87.   Plaintiff re-alleges paragraphs 1 through 42 above as if they reiterated hereunder at length.

88.   On or about April 7, 2015, the Defendant, John Veltheim, published a videotape falsely stating that Plaintiff had been fired for professional reasons.  On one or more other occasions during the same approximate time period, Defendant John Veltheim falsely declared

that Plaintiff stole money from the IBA, suffered from a gambling addiction, suffered from alcoholism, and was clinically diagnosed as a "narcissist." A former general manager of IBA thereafter published an email about the falsely alleged embezzlement by the Plaintiff to numerous third parties, including IBA staff and former board members. Those parties receiving the false, libelous and slanderous communications include, but are not limited to, Guy Nir, Dawn LeBlanc, Paul Clayson, Sylvia Muiznieks, Angela Atkins, Melanie Buzek, Cassandra Veltheim, Feliz Schembri and Claudia Schembri-Heitmann. In fact, on or about March 21, 2015, Defendant John Veltheim dispatched a letter to Claudia Schembri-Heitmann in which he referred, falsely and maliciously, to "Christopher's embezzlement of the IBA" and voiced his intentions to prosecute Plaintiff "for embezzlement which will result in a significant jail time and lifetime of repaying a few hundred thousand dollars in debt."

89. Some or all of these allegations by the Defendant John Veltheim were published to the membership of the IBA and to other third parties, including more than 6,000 members, instructors and newsletter subscribers, via email and/or in several videotapes released on the internet and distributed via email to numerous recipients.

90. All of the said allegations by the Defendant John Veltheim were lies and falsehoods, and were, in fact, known by John Veltheim to be false, and they were uttered and published by the Defendant with express malice and for the sole purpose of defaming the Plaintiff.

91. The allegations were tantamount to accusing Plaintiff of incompetence and malfeasance in his trade and his professional calling, and of charging Plaintiff with theft in violation of the law, and as such, the allegations were all slanderous per se.

92.  The statements by Defendant Veltheim were made in the course and scope of his employment, and were subsequently condoned by Defendant IBA.

93.  The false and defamatory statements by Defendant John Veltheim were communicated by him to fellow employees, co-workers and friends of the Plaintiff.

94.  As a direct and proximate result of the libelous and slanderous publications and utterances made about the Plaintiff at or about and following the Plaintiff's discharge from employment, the Plaintiff's reputation has been damaged, and it has frustrated Plaintiff's ability to obtain suitable replacement employment.

95.  Furthermore, as a direct and proximate result of the libels and slanders committed by the Defendant John Veltheim, Plaintiff has suffered extreme humiliation, embarrassment and mental anguish for which damages are recoverable.

96.  At all times material hereto, Defendant John Veltheim knew, and/or in the exercise of reasonable care, should have known, that the libelous letters, emails and videotapes and the slanderous statements made by him would subject the Plaintiff to the scorn and ridicule of fellow employees, co-workers and friends, causing Plaintiff to suffer severe mental distress, all to Plaintiff's damage.

97.  These false allegations did, in fact, subject the Plaintiff to scorn and ridicule and damaged the Plaintiff psychologically and emotionally.

98.  Defendant John Veltheim acted willfully, wrongfully and maliciously in divulging the false information, for which Plaintiff seeks punitive damages.

**WHEREFORE,** Plaintiff requests judgment against the Defendant John Veltheim and against the IBA for damages and other relief, including the following:

    A.      General damages, according to the proof;

    B.      Special damages, including those damages already specifically suffered and such other special damages as may later be sustained or ascertained;

    C.      Punitive damages as permitted by law;

    D.      Costs of this action; and

    E.      Such other and further relief as the Court may deem just and proper.

**COUNT SIX**

<u>**CLAIM FOR ATTORNEY'S FEES**</u>

99.  Plaintiff re-alleges paragraphs 1 through 42 above as if they reiterated hereunder at length.

100.  Plaintiff has obligated himself to pay his attorney a reasonable fee for services rendered herein.

101.  Plaintiff has been damaged by the requirement to advance necessary costs and attorney's fees.

102.  Plaintiff is entitled to his attorney's fees pursuant to § 57.105 of the Florida Statutes and other applicable authority.

**WHEREFORE**, Plaintiff demands a judgment of fees and costs under each of the foregoing Counts of this Complaint where such fees and/or costs are authorized to be paid.

## JURY DEMAND

Plaintiff demands a trial by jury as to all Counts of this Complaint, and against all

Defendants named herein.

DATED: February 2, 2016

**MARK S. GURALNICK**
*A Professional Corporation*
4532 West Kennedy Boulevard
Suite 340
Tampa, Florida 33609
(813) 872-9000
Fax: 1-800-613-2585
Email: msg@guralnicklegal.com

By:   _____

**Mark S. Guralnick, Esq.**
Fla. Bar No. 516082
*Attorney for the Plaintiff*