```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                           TAMPA DIVISION

CHRISTOPHER VELTHEIM,

              Plaintiff,

v.                                     Case No.  8:16-cv-298-T-33JSS

INTERNATIONAL BODYTALK
ASSOCIATION, INC., ET AL.,

              Defendants.
_____/
```

**ORDER**

This matter comes before the Court pursuant to Plaintiff Christopher Veltheim's Motion to Reinstate Complaint, for an Enlargement of Time to Perfect Service, for Leave to Serve Defendants by Private Process Server, and for Other Relief (Doc. # 9), which was filed on May 12, 2016. The Court grants the Motion as outlined below.

**I.   Background**

On February 8, 2016, Christopher Veltheim initiated this action by filing his Complaint against International Bodytalk Association, Inc., John Veltheim, and Esther Veltheim. (Doc. # 1). The Complaint contains the following counts: Involuntary Dissolution and Liquidation of International Bodytalk Association (Count I); Equitable Accounting and Dissolution of International Bodytalk Association (Count II); Breach of Fiduciary Duty (Count III); Declaratory Relief (Count IV);

Libel, Slander, and Slander Per Se (Count V); and Claim for Attorney's Fees. (Count VI).

Recent changes to the Federal Rules of Civil Procedure significantly shortened the period of time allotted for service of process. See Rule 4(m), Fed. R. Civ. P. In an effort to move the case forward and ensure that Plaintiff effected service in a timely manner, the Court issued an Order on March 8, 2016, requiring Plaintiff to provide a status report regarding service of process by March 11, 2016. (Doc. # 5). Plaintiff failed to file the status report as required by the Court's March 8, 2016, Order. Accordingly, on March 14, 2016, the Court filed a second Order once again directing Plaintiff to file the required status report. (Doc. # 6). The Court commented: "The Court is left to wonder if the plaintiff still desires to prosecute this case." (Id.). However, Plaintiff did not comply with the Court's Orders and did not file the required status report.

On March 18, 2016, with no status report having been filed by Plaintiff, and with no indication on the docket that Plaintiff intended to prosecute the action, the Court filed an Order dismissing the case without prejudice for failure to prosecute. (Doc. # 7).

Thereafter, On May 12, 2016, Plaintiff filed his Motion

2

to Reinstate Complaint, for an Enlargement of Time to Perfect Service, for Leave to Serve Defendants by Private Process Server and for Other Relief. (Doc. # 9). Plaintiff filed a separate Memorandum in support of the Motion (Doc. # 10) and a separate affidavit in support of the Motion. (Doc. # 11). In the Motion, Plaintiff explains that he failed to take action in this case because the Court's "emails" were sent to "an incorrect email address." (Doc. # 9 at 2).

## II. **Discussion**

First and foremost, the Court takes this opportunity to provide some important clarification to counsel. The Court was surprised by counsel's reference to "emails" by the Court in the present Motion and Memorandum. For instance, counsel remarks: "In fact, Plaintiff's counsel was not receiving any of the Court's emails because they had been directed to an outdated email address." (Doc. # 10 at 2). The Court does not causally send "emails" to counsel on its cases. The "emails" that counsel refers to in this case are actually Orders. The Orders are published on the open record, are not issued on an ex parte basis, and require strict and immediate compliance by counsel.

In addition, the Court's "Administrative Procedures for Electronic Filing," which may be accessed on the Court's

3

website, explain that "All attorneys and pro se litigants must maintain current information in CM/ECF including name, email address, telephone number, fax number, and where applicable, firm name or affiliation.  An E-filer must immediately update CM/ECF with any change to the E-filer's contact information." See Section II(D).

It appears that Plaintiff's counsel did not receive the Orders in this case because he did not provide the Clerk's office with up-to-date contact information and because he did not actively monitor the docket.  However, the Court finds good cause to reopen and reinstate this action based on the general policy in favor of trying cases on the merits, rather than dismissing actions based on procedural defects or counsel's neglect.  In addition, although the deadline to effect service on Defendants expired on May 11, 2016, the Court will enlarge the deadline for Plaintiff to effect service.  Although Plaintiff has filed no less than three documents relating to the current procedural situation, none of those documents request an extension of time to effect service for any specific period of time - for instance, ten days, thirty days, or any other duration. With an Australian Plaintiff utilizing a New Jersey attorney attempting to perfect service on two Florida Defendants, the Court is in an

4

untenable position when left to guess regarding the length of the extension requested. Utilizing its prior experience as a touchstone, the Court estimates that 30 days, until and including June 15, 2016, will be sufficient in order to serve both Defendants. The Court takes note of Plaintiff's argument that the case has become protracted based on Defendants' failure to waive service and Plaintiff's related request to impose on Defendants the cost of perfecting service based Rule 4(d)(2), Fed. R. Civ. P.[1] The Court declines to impose costs at this early juncture due to the specific facts presented. Particularly, the record reflects that Plaintiff is not located within the United States (the Complaint states that Plaintiff resides in Queensland, Australia). (Doc. # 1 at ¶ 3). In addition, the Court finds that the delays in this case stem from Plaintiff's failure to monitor the case and failure to provide the Court with up-to-date contact information, rather than from any failure to waive service by Defendants.

---

[1] Rule 4(d)(2) provides: "*Failure to Waive.*  If a defendant located within the United States fails, without good cause, to sign and return a waiver requested by a plaintiff **located within the United States**, the court must impose on the defendant: (A) the expenses later incurred in making service; and (B) the reasonable expenses, including attorney's fees, of any motion required to collect those service expenses." (Emphasis added).

The Court also refers Plaintiff's counsel to Local Rule 3.01(a), which states: "In a motion or other application for an order, the movant shall include a concise statement of the precise relief requested, a statement of the basis for the request, and a memorandum of legal authority in support of the request, **all of which the movant shall include in a single document not more than twenty-five (25) pages.**" Local Rule 3.01(a), M.D. Fla. (Emphasis added).  Here, counsel devoted three filings to addressing the same relief, which is inefficient and in violation of the Local Rules.  Moving forward, the Court expects counsel to review the Local Rules of the Middle District of Florida as well as the Federal Rules of Civil Procedure.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Plaintiff Christopher Veltheim's Motion to Reinstate Complaint, for an Enlargement of Time to Perfect Service, for Leave to Serve Defendants by Private Process Server, and for Other Relief (Doc. # 9) is **GRANTED** to the extent that the Clerk is directed to **REOPEN** and reinstate this case.

(2) The deadline for Plaintiff to effect service of process on Defendants is extended to and including June 15, 2016.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 16th day of May, 2016.

*[signature]*
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE