UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CHRISTOPHER VELTHEIM,

    Plaintiff,

v.                              Case No. 8:16-cv-298-T-33JSS

INTERNATIONAL BODYTALK
ASSOCATION, INC., et al.

    Defendants.
_____/

**ORDER**

This matter comes before the Court pursuant to Plaintiff Christopher Veltheim's Unopposed Motion to Vacate Dismissal Order, for Leave to File Opposition Papers Out of Time, and for Leave to File an Amended Complaint (Doc. # 29), which was filed on July 14, 2016. The Court grants the Motion as outlined below.

**A.    The Complaint and the Court's Jurisdiction**

On February 8, 2016, Christopher Veltheim, who is represented by Mark S. Guralnick, Esq., initiated this action by filing his Complaint against International Bodytalk Association, Inc., John Veltheim, and Ester Veltheim. (Doc. # 1). The Complaint contains the following counts: Involuntary Dissolution and Liquidation of International

Bodytalk Association (Count I), Equitable Accounting and Dissolution of International Bodytalk Association (Count II), Breach of Fiduciary Duty (Count III), Declaratory Relief (Count IV), Libel, Slander, and Slander Per Se (Count V) and Attorney's Fees (Count VI). The Court's jurisdiction over this case is predicated upon complete diversity of citizenship. The Complaint alleges that Plaintiff is a citizen of Australia, that Defendant International Bodytalk Association is a Florida corporation with its principal place of business in Sarasota, Florida, and that the individual Defendants, John Veltheim and Esther Veltheim are citizens of Florida. (Doc. # 1 at ¶¶ 3-6). The Complaint also alleges that the amount in controversy exceeds $75,000. (Id. at ¶ 1).

**B.   The First Case Closure**

On March 8, 2016, the Court issued an Order directing Plaintiff to file a status report regarding service of process by March 11, 2016. (Doc. # 5). Plaintiff failed to respond to the Court's Order. Accordingly, on March 14, 2016, the Court filed a second Order once again directing Plaintiff to file the required status report regarding service of process. (Doc. # 6). The Court commented: "The Court is left to wonder if the plaintiff still desires to prosecute this case." (Id.). However, Plaintiff did not comply with the Court's Order and

did not file a status report or any other document for that matter.

On March 18, 2016, with no status report having been filed by Plaintiff, and with no indication on the docket that Plaintiff intended to prosecute the action, the Court filed an Order dismissing the case without prejudice for failure to prosecute. (Doc. # 7).  However, on May 12, 2016, after the case had already been closed, Plaintiff filed a Motion to Reinstate the Complaint, for an Enlargement of Time to Perfect Service, for Leave to Serve Defendants by Private Process Server and for Other Relief. (Doc. # 9).  Plaintiff filed a separate Memorandum in support of the Motion (Doc. # 10) and a separate affidavit in support of the Motion. (Doc. # 11). Plaintiff asserted that the action should be reopened because Plaintiff's counsel did not receive various emails from the Court. (Doc. # 9 at 2).

On May 16, 2016, the Court entered an Order granting the Motion by reopening the case, but remarking that Plaintiff's counsel "did not actively monitor the docket" and failed to comply with multiple Local Rules and Administrative Procedures in effect in the Middle District of Florida. (Doc. # 12).  The Court took the time to highlight that Local Rule 3.01(a) of the Middle District of Florida states: "In a motion

or other application for an order, the movant shall include a concise statement of the precise relief requested, a statement of the basis for the request, and a memorandum of legal authority in support of the request, **all of which the movant shall include in a single document not more than twenty-five pages**." (Doc. # 12 at 6)(citing Local Rule 3.01(a), M.D. Fla.). The Court explained that it was a violation of the Local Rules to "devote[] three filings to addressing the same relief." (Id.).

C.  **The Case Management Proceedings**

The case was reopened on May 16, 2016. And, on June 2, 2016, the Court filed a Notice setting a Case Management Hearing for June 29, 2016. (Doc. # 15). That Notice explained: "Lead Counsel must appear in person at the Case Management Hearing." (Id.). Thereafter, on June 21, 2016, Defendants timely responded to the Complaint by filing a Motion to Dismiss. (Doc. # 16). In addition, in preparation for the Case Management Hearing, Defendants' counsel filed the Case Management Report on June 22, 2016. (Doc. # 19).

On the eve of the Case Management Hearing, Plaintiff's counsel filed a procedurally defective and untimely Motion requesting leave to appear at the Case Management Hearing by telephone based on a scheduling conflict. (Doc. # 22). The

4

Court noted that it would consider moving the Case Management Hearing to July 1, 2016, but requested further information from Plaintiff's counsel. (Doc. # 23).  On June 27, 2016, Plaintiff's counsel filed a Motion to Continue the Case Management Hearing, explaining that yet another scheduling conflict prevented him from being available for the Court's suggested date of July 1, 2016. (Doc. # 24).  In an effort to move the case forward, the Court adopted Plaintiff's suggested date for July 13, 2016, for the Case Management Hearing. (Doc. # 25).

**D.**   **The Second Case Closure**

Thereafter, on July 11, 2016, the Court, having received no response in opposition to Defendants' Motion to Dismiss, granted Defendants' Motion to Dismiss. (Doc. # 27).  The Court cancelled the Case Management Hearing that was set for July 13, 2016, and closed the case.

At this juncture, Plaintiff has filed another round of procedurally defective documents requesting that the Court once again reopen the case.  The Court gives Plaintiff's counsel credit for admitting that it was his own error that caused him to miss the deadline to respond to the Motion to Dismiss.  However, the Court notes that Plaintiff's counsel continues to violate the Local Rules and continues to protract

the case with his apparent inability to monitor the docket. Although the Court's Order dated May 16, 2016, explained that requests for relief from the Court should be contained in a single document, not to exceed 25 pages (Doc. # 12), Plaintiff's counsel's request to open the case encompasses multiple docket entries (Doc. ## 29-32) and spans 45 pages.

The Court does not condone Plaintiff's counsel's dilatory conduct and repeated failure to comply with the Court's Local Rules and instructions. However, in the interest of fairness, and because opposing counsel agrees to the relief, the Court grants the Motion. The Court's Order granting the Motion to Dismiss (Doc. # 27) is vacated. The Court re-opens the case for a second time, and will allow Plaintiff to file his proposed Amended Complaint (Doc. # 29-1) on or before **July 20, 2016.** The Motion to Dismiss is denied as moot based on the Court's directive herein that Plaintiff file an Amended Complaint.

The Court declines to reschedule the Case Management Hearing. The Court will issue a Case Management and Scheduling Order in accordance with its normal procedures. The Court notes that the parties have selected a certified mediator, Bruce Blitman, Esq., as their mediator in the Case Management Report. (Doc. # 19-1 at 2). However, based on the

6

circumstances of this case, the Court is taking a very active role in managing this case and determines that it is appropriate to appoint Peter Grilli, Esq. as the mediator in an effort to move this case forward toward its final resolution.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Plaintiff Christopher Veltheim's Unopposed Motion to Vacate Dismissal Order, for Leave to File Opposition Papers Out of Time, and for Leave to File an Amended Complaint (Doc. # 29) is **GRANTED.**

(2) The Court's Order granting the Motion to Dismiss (Doc. # 27) is **VACATED.**

(3) The Clerk is directed to re-open the case.

(4) Plaintiff is authorized to file his proposed Amended Complaint on or before **July 20, 2016,** which moots the Motion to Dismiss. (Doc. # 16).

(5) The Court will issue a Case Management and Scheduling Order in accordance with its normal procedures.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 15th day of July, 2016.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE