```
             UNITED STATES DISTRICT COURT
              MIDDLE DISTRICT OF FLORIDA
                    TAMPA DIVISION
```

CHRISTOPHER VELTHEIM,

      Plaintiff,

v.                                  Case No. 8:16-cv-298-T-33JSS

INTERNATIONAL BODYTALK
ASSOCATION, INC., et al.

      Defendants.
_____/

**ORDER**

This matter comes before the Court pursuant to Plaintiff Christopher Veltheim's Motion for Reconsideration of the February 3, 2017, Order Awarding Counsel Fees and Costs, and for Leave for Plaintiff to File Opposition to the said Motion Nunc Pro Tunc (Doc. # 68), which was filed on February 13, 2017. The Court denies the Motion for the reasons below.

**A.   The Complaint and the Court's Jurisdiction**

On February 8, 2016, Christopher Veltheim, who is represented by Mark S. Guralnick, Esq., initiated this action by filing his Complaint against International Bodytalk Association, Inc., John Veltheim, and Ester Veltheim. (Doc. # 1). The Complaint contained the following counts: Involuntary Dissolution and Liquidation of International

Bodytalk Association (Count I), Equitable Accounting and Dissolution of International Bodytalk Association (Count II), Breach of Fiduciary Duty (Count III), Declaratory Relief (Count IV), Libel, Slander, and Slander Per Se (Count V) and Attorney's Fees (Count VI). The Court's jurisdiction over this case is predicated upon complete diversity of citizenship. The Complaint alleged that Plaintiff is a citizen of Australia, that Defendant International Bodytalk Association is a Florida corporation with its principal place of business in Sarasota, Florida, and that the individual Defendants, John Veltheim and Esther Veltheim are citizens of Florida. (Doc. # 1 at ¶¶ 3-6). The Complaint also alleged that the amount in controversy exceeds $75,000. (Id. at ¶ 1).

**B.   The First Case Closure**

On March 8, 2016, the Court issued an Order directing Plaintiff to file a status report regarding service of process by March 11, 2016. (Doc. # 5). Plaintiff failed to respond to the Court's Order. Accordingly, on March 14, 2016, the Court filed a second Order once again directing Plaintiff to file the required status report regarding service of process. (Doc. # 6). The Court commented: "The Court is left to wonder if the plaintiff still desires to prosecute this case." (Id.).

However, Plaintiff did not comply with the Court's Order and did not file a status report or any other document.

On March 18, 2016, with no status report having been filed by Plaintiff, and with no indication on the docket that Plaintiff intended to prosecute the action, the Court filed an Order dismissing the case without prejudice for failure to prosecute. (Doc. # 7). However, on May 12, 2016, after the case had already been closed, Plaintiff filed a Motion to Reinstate the Complaint, for an Enlargement of Time to Perfect Service, for Leave to Serve Defendants by Private Process Server and for Other Relief. (Doc. # 9). Plaintiff filed a separate Memorandum in support of the Motion (Doc. # 10) and a separate affidavit in support of the Motion. (Doc. # 11). Plaintiff asserted that the action should be reopened because Plaintiff's counsel did not receive various "emails" from the Court. (Doc. # 9 at 2). However, the "emails" were, in fact, Orders that demanded Plaintiff's counsel's compliance.

On May 16, 2016, the Court entered an Order granting the Motion by reopening the case, but remarking that Plaintiff's counsel "did not actively monitor the docket" and failed to comply with multiple Local Rules and Administrative Procedures in effect in the Middle District of Florida. (Doc. # 12). The Court took the time to highlight that Local Rule

3

3.01(a) of the Middle District of Florida states: "In a motion or other application for an order, the movant shall include a concise statement of the precise relief requested, a statement of the basis for the request, and a memorandum of legal authority in support of the request, **all of which the movant shall include in a single document not more than twenty-five pages**." (Doc. # 12 at 6)(citing Local Rule 3.01(a), M.D. Fla.). The Court explained that it was a violation of the Local Rules to "devote[] three filings to addressing the same relief." (Id.).

**C.   The Case Management Proceedings**

The case was reopened on May 16, 2016. And, on June 2, 2016, the Court filed a Notice setting a Case Management Hearing for June 29, 2016. (Doc. # 15).  That Notice explained: "Lead Counsel must appear in person at the Case Management Hearing." (Id.).  Thereafter, on June 21, 2016, Defendants timely responded to the Complaint by filing a Motion to Dismiss. (Doc. # 16).  In addition, in preparation for the Case Management Hearing, Defendants' counsel filed the Case Management Report on June 22, 2016. (Doc. # 19).

On the eve of the Case Management Hearing, Plaintiff's counsel filed a procedurally defective and untimely Motion requesting leave to appear at the Case Management Hearing by

telephone based on a scheduling conflict. (Doc. # 22). The Motion violated Local Rule 3.01(g) because it did not contain a certificate of conference with opposing counsel. The Court noted that it would consider moving the Case Management Hearing to July 1, 2016, but requested further information from Plaintiff's counsel. (Doc. # 23). On June 27, 2016, Plaintiff's counsel filed a Motion to Continue the Case Management Hearing, explaining that yet another scheduling conflict prevented him from being available for the Court's suggested date of July 1, 2016. (Doc. # 24). Plaintiff's counsel remarked in the Motion: "I apologize to the Court for the delay in filing this motion, as it was an oversight in my office." (Id. at 2). In an effort to move the case forward, the Court adopted Plaintiff's suggested date of July 13, 2016, for the Case Management Hearing. (Doc. # 25).

**D.    The Second Case Closure**

Thereafter, on July 11, 2016, the Court, having received no response in opposition to Defendants' Motion to Dismiss, granted Defendants' Motion to Dismiss as an unopposed motion. (Doc. # 27). The Court cancelled the Case Management Hearing that was set for July 13, 2016, and closed the case.

Then, on July 14, 2016, Plaintiff filed an Unopposed Motion to Vacate Dismissal Order, For Leave to File Opposition

5

Papers Out of Time, and for Leave to File an Amended Complaint (Doc. # 29). In the Motion, Plaintiff's counsel indicated: "as a result of excusable neglect, Plaintiff did not realize that such a motion [to dismiss] had actually been filed and therefore inadvertently failed to respond to the motion on a timely basis." (Id. at 2). The Court granted the motion by allowing Plaintiff to file an Amended Complaint, but noted "Plaintiff's counsel continues to violate the Local Rules and continues to protract the case with his apparent inability to monitor the docket." (Doc. # 33 at 5-6). The Court also warned that it "does not condone Plaintiff's counsel's dilatory conduct and repeated failure to comply with the Court's Local Rules and instructions." (Id. at 6).

**E.     Summary Judgment Proceedings and Award of Fees and Costs**

On August 5, 2016, Plaintiff filed a Second Amended Complaint with leave of the Court. (Doc. ## 40-42). Defendants filed a timely Motion for Summary Judgment on all counts of the Second Amended Complaint. (Doc. # 51). After hearing from Plaintiff, the Court granted the Motion for Summary Judgment on the Merits and directed that the Clerk enter Judgment in favor of Defendants. (Doc. # 64). On January 5, 2017, the Clerk entered Judgment in favor of Defendants. (Doc. # 65). Defendants timely filed a Motion

6

for Attorney's Fees and Non-Taxable Costs (Doc. # 66). Plaintiff had the opportunity under the Local Rules to file a Response in Opposition to the Motion, but he failed to do so. Accordingly, on February 3, 2017, the Court granted the Motion for Fees and Non-Taxable Costs as an unopposed Motion. (Doc. # 67).

At this belated juncture, Plaintiff seeks the opportunity to respond to the Motion for Fees and Costs. Plaintiff submits: "On January 19, 2017 and continuing thereafter for a period of two weeks, Plaintiff's counsel left the State of Florida to attend to legal matters throughout the country, first appearing in the State of Maryland in a deposition, and then in New Jersey, and then in two significant proceedings in Southern and Northern California." (Doc. # 68 at 2). Apparently, "through inadvertence, during counsel's absence, the filing of the Motion for Attorneys' Fees and Non-Taxable Costs was overlooked by counsel's office staff and was not brought to the attention [of Plaintiff's] counsel." (Id.). Plaintiff's counsel further indicates that "*his* tardiness is attributable to inadvertence of counsel and by the circumstances relating to counsel's absence from the jurisdiction and by the

inability of the attorneys . . . to communicate with each other in this instance." (Id. at 3)(emphasis in original).

**F.    Excusable Neglect not Demonstrated**

A Court may grant an extension of time after a deadline has expired "if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b).  "Although inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable neglect' it is clear that 'excusable neglect' under Rule 6(b) is a somewhat elastic concept' and is not limited strictly to omissions caused by circumstances beyond the control of the movant." Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 392 (1993).  The Court enumerated four factors to be used in determining excusable neglect: "the danger of prejudice to the [nonmovant], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good-faith." Id. at 395. Excusable neglect determinations are equitable in nature, "taking account of all relevant circumstances surrounding the party's omission." Id.

Plaintiff's counsel filed a 28-page submission, but did not specifically address any of the four factors that the

8

Court considers in making an excusable neglect determination. Rather, Plaintiff's counsel argues that the fees and costs awarded are excessive. However, his arguments put the cart before the horse. Plaintiff's counsel has provided a vague and wholly inadequate explanation for once again missing a deadline in this case. "A party asserting excusable neglect must first provide candid and forthcoming details about the pertinent history or, simply stated, must explain what happened." Demint v. Nationsbank of Fla., N.A., 208 F.R.D. 639, 643 (M.D. Fla. 2002). Plaintiff's assertion that he missed the deadline to respond due to his travel outside of the state of Florida and his staff's failure to bring the matter to his attention does not provide the level of detail required for this Court to make a finding of excusable neglect, especially in light of Plaintiff's counsel's repeated failure to comply with Court Orders and deadlines.

The Court recognizes that, on occasion, a legal secretary's failure to calendar a deadline has been determined to constitute excusable neglect. See e.g. Walter v. Blue Cross & Blue Shield United, 181 F.3d 1198, 1202 (11th Cir. 1999)(describing "the failure of a former secretary of Walter's attorney to record the applicable deadline" as an "innocent oversight" justifying a finding of excusable

9

neglect). However, the facts in <u>Walter</u> were not marked by a pattern of delay and shifting of responsibility and blame to legal staff, as has occurred in the present case.

Likewise, Plaintiff's counsel has not professed that he acted in good faith. But, even if counsel had made such an assertion, the Court would be hard-pressed to find good faith here, based on Plaintiff's unabated and flagrant disregard for the Court's rules and procedures. In addition, the Court recognizes that delay in question is not lengthy. However, this case has been resolved on the merits and is now closed. As such, the interest of finality counsels against reopening any portion of the proceedings.

On balance, and considering the record as a whole, the Court finds that the equities do not militate in favor of reopening the matter of fees and non-taxable costs and, accordingly, the Court will not authorize Plaintiff to belatedly tender a response to Defendants' Motion.[1]

Accordingly, it is

---

[1] While Christopher Veltheim may have been harmed by his counsel's inability to meet deadlines in this case, the Eleventh Circuit has noted that clients voluntarily choose their attorneys and are to be held accountable for the acts or omissions of their chosen attorneys. <u>Young v. Palm Bay</u>, 358 F.3d 859, 864 (11th Cir. 2004)(citing <u>Pioneer Inv. Serv. Co.</u>, 507 U.S. at 396-97).

**ORDERED, ADJUDGED,** and **DECREED:**

Plaintiff Christopher Veltheim's Motion for Reconsideration of the February 3, 2017, Order Awarding Counsel Fees and Costs, and for Leave for Plaintiff to File Opposition to the said Motion Nunc Pro Tunc (Doc. # 68) is **DENIED.**

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 15th day of February, 2017.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE